IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SHANE A. COSTA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. CV-09-6048-HU |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) OPINION & ORDER |
| Security, | ) |
| | ) |
| Defendant. | ) |

Drew L. Johnson
DREW L. JOHNSON, P.C.
1700 Valley River Drive
Eugene, Oregon 97401

Linda S. Ziskin
P.O. Box 2237
Lake Oswego, Oregon 97035

    Attorneys for Plaintiff

Dwight C. Holton
UNITED STATES ATTORNEY
District of Oregon
Adrian L. Brown
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

/ / /

1 - OPINION & ORDER

Kathryn A. Miller
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

    Attorneys for Defendant

HUBEL, Magistrate Judge:

    Plaintiff Shane Costa brought this action for judicial review of the Commissioner's final decision to deny Supplemental Security Income (SSI). Both parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). On September 30, 2010, this Court issued a Judgment reversing the Commissioner's decision and remanding for additional proceedings.

    Plaintiff now seeks $10,554.72 in attorney's fees pursuant to the Equal Access to Judgment Act, 28 U.S.C. § 2412 (EAJA). Defendant objects to the number of hours plaintiff's counsel expended on the case. I grant the motion in part and deny it in part.

    EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Defendant does not dispute that plaintiff was the prevailing party. Defendant also concedes that procedural errors by the Administrative Law Judge rendered the government's position not substantially justified.

    The court exercises discretion in awarding fees under EAJA. See Rodriguez v. United States, 542 F.3d 704, 709 (9th Cir. 2008) (court of appeals reviews district court award of fees under EAJA

2 - OPINION & ORDER

for abuse of discretion); see also Webb v. Ada County, 195 F.3d 524, 527 (9th Cir. 1999) (district court possesses "considerable discretion" in determining the reasonableness of a fee award). The fee award is a combination of the number of hours reasonably worked, multiplied by a reasonable hourly rate.

Plaintiff seeks $10,544.72 in fees, based on a total of 60.5 hours. The actual billing entries are reflected in Exhibit A to Plaintiff's Memorandum in Support of EAJA Fees. Defendant objects to the overall number of hours as excessive, as well as time spent on any clerical tasks.

As Judge Mosman noted in a 2007 opinion, "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." Harden v. Commissioner, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (citing cases). Judge Mosman agreed that absent unusual circumstances or complexity, "this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." Id. at 1216.

I agree with defendant that several billing entries reflect time spent on clerical tasks which should not be billed at attorney rates and which should not be compensable as EAJA attorney fees. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate, regardless of who performs them. . . . [The] dollar value [of non-legal clerical work] is not enhanced just because a lawyer does it."); Gough v. Apfel, 133 F. Supp. 2d 878, 881 (W.D. Va. 2001) ("[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable

3 - OPINION & ORDER

as EAJA attorney fees.").

The following billing entries are not subject to payment as EAJA attorney's fees:

0.1 hours on March 11, 2009, for downloading an ECF notice;

0.1 hours on April 14, 2009, for downloading an ECF notice;

0.1 hours on July 14, 2009, for downloading an ECF notice;

0.1 hours on March 19, 2010, for downloading defendant's extension filings;

0.1 hours on March 23, 2010, for downloading a court order;

0.1 hours on April 26, 2010, for downloading a court order;

0.2 hours on May 10, 2010, for downloading and docketing court orders;

0.1 hours on June 9, 2010, for downloading and docketing a court order; and

0.1 hours on September 30, 2010, for downloading and docketing the Judgment.

There are other clerical billing entries, but they are listed as one of several tasks in a single billing entry, making it impossible to tell from the billing entry alone how much time was spent on the clerical task. Because each of the clerical tasks above was billed at 0.1 hours, I subtract that amount from the total billed of the following entries:

0.1 is subtracted from the 0.4 hours billed on September 24, 2009, for docketing the transcript;

0.1 is subtracted from 0.7 hours billed on April 22, 2010, for downloading defendant's extension filings;

0.1 is subtracted from the 0.5 hours billed on May 5, 2010, for filing a motion;

4 - OPINION & ORDER

0.1 is subtracted from the 0.4 hours billed on June 8, 2010, for downloading defendant's memorandum;

0.1 is subtracted from the 0.3 hours billed on September 9, 2010, for attempting to download defendant's response memorandum; and

0.1 is subtracted from the 0.8 hours billed on September 30, 2010, for downloading the Court's opinion.[1]

The billing entries reveal that plaintiff's counsel spent 25 hours preparing the opening memorandum. This is in addition to 4.2 hours spent reviewing the transcript, and another 0.6 hours spent outlining the ALJ's decision. While the total time spent on briefing in this case may be more than usual because of a supplemental filing necessitated by a missing part of the transcript, the opening memorandum was only seventeen pages long, fairly short by comparison to many social security opening memoranda. Moreover, the issues in the case were not novel or unusually complex. 25 hours is unreasonable. I award 12 hours for time spent on the opening memorandum.

Additionally, the time spent on plaintiff's supplemental and reply memoranda are also excessive. Plaintiff's supplemental memorandum was just over six pages, with only one-half of one page devoted to argument. The remaining pages were a recitation of the information contained in the previously missing, but later

---

[1] Additionally, while 0.1 of the 0.7 hours billed on January 19, 2010, for, inter alia, filing the opening memorandum, should be subtracted because filing the document is a clerical task, I do not separately subtract it here because, as discussed below, I subtract many of the total hours spent on the opening memorandum and the time is subtracted below.

5 - OPINION & ORDER

supplied, supplemental transcript. Still, plaintiff spent 3.4 hours on July 5, 2010, reviewing the file and prior memoranda, and summarizing the supplemental transcript, and an additional 1.7 hours preparing the supplemental memorandum. No more than 3.5 hours was required for summarizing the supplemental transcript and preparing the supplemental memorandum.

On September 27, 2010, plaintiff's counsel billed 3.1 hours for reviewing the file, researching, outlining defendant's memorandum, and preparing arguments. The next day, counsel billed 2.5 hours for writing a reply memorandum which was under four pages and generally reiterated arguments previously raised. This totals 5.6 hours to prepare the reply memorandum. Previously, plaintiff's counsel spent 0.3 hours reviewing defendant's memorandum when it was filed in June 2010[2], another 0.1 hours discussing it with co-counsel at that point, and some unspecified amount of the 3.4 hours billed on July 5, 2010 reviewing memoranda.

Additionally, plaintiff's counsel spent 0.2 hours on September 9, 2010, reviewing defendant's response to plaintiff's supplemental memorandum, but defendant's response consisted of two sentences stating that because plaintiff's supplemental brief contained no new or additional arguments, defendant had no additional response. No more than 0.1 hours was required for this task.

Given the time plaintiff's counsel had already expended on reviewing defendant's response filed in June 2010, as well as the

---

[2] Plaintiff's counsel billed 0.4 hours on June 8, 2010, to download and review defendant's memorandum. I subtracted 0.1 of that time because the downloading is a clerical function, leaving 0.3 hours as the time spent reviewing the memorandum.

6 - OPINION & ORDER

time spent reviewing defendant's response to plaintiff's supplemental memorandum on September 9, 2010, the 5.6 hours spent on the tasks involved in preparing the reply memorandum on September 27 and 28, 2010, is excessive. I award 2.5 hours for that time.

Finally, defendant complains that the 2.3 hours preparing EAJA documents were clerical in nature and should not be reimbursed. The time sought is 1.3 hours for preparing a time sheet as well emailing and phoning lead co-counsel, and an additional 1.0 hours for completing the "accounting for EAJA." Exh. A to Pltf's Mem. The billing entries do not, by themselves, suggest that the nature of this work was purely clerical in nature. It is not unreasonable for the attorney him- or herself to prepare the time sheet for submission in support of a fee application. Nor is 1.0 hours unreasonable for completing the accounting. I note that there is no separate request for preparing or filing the motion and memorandum. I do not consider a total of 2.3 hours to be excessive for the preparation of the motion, the memorandum, and the supporting materials.

Of the 60.5 hours requested in the EAJA fee petition, I subtract 19.4 hours, leaving a total of 41.1. As noted above, a portion of the original transcript was missing from the transcript initially filed, requiring plaintiff to discuss the issue with opposing counsel, confer regarding a motion to extend defendant's time to respond to plaintiff's opening memorandum in order to acquire the missing transcript, consult with the Court regarding scheduling of supplemental briefing, reviewing the supplemental transcript, and submitting a supplemental memorandum. Thus, while

7 - OPINION & ORDER

the total number of allowed hours is at the high end of the range identified by Judge Mosman, it is not unreasonable in this case.

EAJA sets a ceiling of $125 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for the cost of living, the Ninth Circuit applies the consumer price index for all urban consumers (CPI-U). Jones v. Espy, 10 F.3d 690, 692-93 (9th Cir. 1993) (CPI-U for all items, not just legal services, applies). According to the time sheet submitted by plaintiff, the allowable time was billed in three different years as follows: (1) 2008 - 0.2 hours; (2) 2009 - 8.2 hours; (3) 2010 - 32.7 hours, for a total of 41.1 hours.

The CPI-U for 2008 is 215.303 (table available at http://www.bls.gov/cpi/#tables). The adjusted hourly rate for 2008 is $172.85. See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1463 n.4 (9th Cir. 1988) (explaining formula as EAJA ceiling (presently $125/hour), x the CPI-U for current month/CPI-U for month Congress adopted current ceiling. 155.7 is the CPI-U for March 1996, the month Congress adopted the $125/hour rate). The CPI-U for 2009 is 214.537. The adjusted hourly rate for 2009 is $172.24. The CPI-U for November 2010 (the most recent month for which information is available) is 218.803 (table available at http://www.bls.gov/news.release/cpi.t03.htm). The adjusted hourly rate for 2010 is $175.67.

Computing the annual hours by the adjusted annual rate shows the following allowable fees: $34.57 for 2008, $1,412.37 for 2009, and $5,744.41 for 2010, for a total of $7,191.35.

/ / /

8 - OPINION & ORDER

CONCLUSION

Plaintiff's motion for EAJA attorney's fees is granted in part and denied in part. Plaintiff is awarded $7,191.35. Consistent with <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521, 2527-28 (2010), this EAJA award is subject to any offset allowed under the Treasury Offset Program.

IT IS SO ORDERED.

Dated this <u>18th</u> day of <u>January</u>, 2011.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
United States Magistrate Judge

9 - OPINION & ORDER